[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, date of birth, November 23, 1962, whose birth name is Johnson, and the defendant husband, date of birth, January 3, 1959, married on April 21, 1990 in Stamford, Connecticut. The plaintiff has lived continuously in this state since 1986 thereby satisfying the jurisdictional requirement. One child has been born to the parties, Evan Paul, date of birth November 12, 1993. The parties entered into a written stipulation dated November 17, 1998 wherein they agreed to joint legal custody with the plaintiff having primary physical custody and the defendant having reasonable rights of visitation as well as other terms. The court has reviewed the stipulation, finds it fair, equitable and in the best interest of the child. It is accepted, approved and is ordered incorporated in the judgment now being entered.
The parties remained at issue over financial issues.
The plaintiff is a college graduate having earned a B.A. in Business Administration. She concedes that her income has exceeded the defendant's throughout the marriage. She is currently office manager for Shoreline Pools where she has been employed since 1989. She was on disability leave from September, 1997 to January, 1998 for treatment of an internal condition that required hospitalization and placement of a stent. She believes she has now recovered. However, the plaintiff has had juvenile rheumatoid arthritis for many years. It has caused damage to her joints, surgery for one knee replacement and an anticipated second knee operation in the near future. The medicine she CT Page 13779 ingests for the arthritis has side effects including the creation of cataracts. Despite these physical limitations she has been able to maintain a full employment schedule. The defendant was fully advised by plaintiff of her arthritis before the marriage.
The defendant is a high school graduate and earned an associate's degree after attending Norwalk Community College for two years. Since prior to the marriage until September, 1997, the defendant worked part time as a waiter at Chuck's Steak House. He has been employed throughout the marriage by Muehlstein Co., Inc. as a logistics analyst responsible for moving its products. In September, 1997 the defendant was treated for weakness in his left arm and leg. He was allowed to return to work on October 8, 1997 (Plaintiff's Exhibit #6). The defendant has never returned to his part time job on the advice of his doctor.
The parties jointly purchased a condominium unit known as 138 Sunrise Hill, Norwalk that the plaintiff now values at $142,000 and the defendant now values at $170,000. The plaintiff relies on a written appraisal dated May 16, 1988 (Plaintiff's Exhibit #5). The defendant introduced three sales of units in the condominium that occurred between June and September of this year, (Defendant's Exhibit A). All three were "end units". The parties' unit is not. Two sold with a garage. The parties' unit has none. The fair market value is found to be $152,000. It is encumbered with a mortgage balance of $109,934. The equity is $42,066.
The defendant has owned a condominium unit known as 324 Strawberry Hill, Norwalk which he values at $40,000, subject to a $40,000 mortgage which he has owned since before the marriage.
The plaintiff's remaining assets consist of a 1993 Plymouth automobile valued at $6,500, a bank account containing $300 and a 401(k) plan valued at $10,497.
The defendant's remaining assets consist of a 1992 Plymouth automobile valued at $4,500 subject to a loan of $3,300, a checking account containing $200, ESOP and 401(k) plans valued at $43,687.17 as of March, 1998 (Plaintiff's Exhibit #7) and a pension valued at $10,619.31.
Jointly the parties own tangible personal property and U.S. Savings Bonds in the face amount of $3,000 with present value of $1,845. CT Page 13780
The plaintiff has listed liabilities as follows:
 Bonnie Hanna $ 4,500 Chase MasterCard 3,051 Capital One 1,573 Attorney Douglas Wells 2,395 (to 10/31/98) Citibank Visa 650 Shoreline Pools 3,000 ------- Total $15,169
The defendant has listed as debts:
 William Norton $ 7,707.50 Attorney Las Follette 625.00 Condo fees 160.00 Tenant security deposit 650.00 Providian credit card 3,000.00 ---------- Total $12,142.50
The debts to Bonnie Hanna and to Shoreline Pools were incurred by plaintiff for litigating this action. The Citibank Visa was obtained by plaintiff after the parties' separation. A special assessment charged to defendant's condo unit in 1996 was paid from joint funds prior to the parties' separation.
Having reviewed the evidence in light of the statutory criteria contained in §§ 46b-81 and 46b-82 as well as relevant case law the court enters the following decree.
1. Judgment is entered dissolving the marriage on the grounds of irretrievable breakdown and each party is declared unmarried.
2. The court adopts the parties' stipulation dated November 17, 1998 and the same is so ordered as part of this judgment.
3. The defendant shall pay one dollar per year periodic alimony to the plaintiff until the death of either party, the remarriage of the plaintiff, or future court order. The provisions of § 46b-86 apply to this order.
4. The defendant shall pay the sum of $114 weekly as child support. The court adopts the plaintiff's calculation, finds it CT Page 13781 on the guidelines and orders a wage withholding pursuant to law. A copy of plaintiff's worksheet is annexed hereto.
5. The plaintiff is awarded the defendant's interest in the real property known as 138 Sunrise Hill Lane, Norwalk, Connecticut. If a properly executed quit claim deed is not tendered within 30 days, the transfer shall be affected pursuant to statute. The defendant shall bear the expenses of the transfer.
6. The plaintiff is assigned 40% of the defendant's ESOP and 401(k) plans. The court retains jurisdiction to effect the transfer via a QDRO.
7. The defendant shall retain his pension which he values at $10,619.31 and his condominium unit at 324 Strawberry Hill, Norwalk.
8. The defendant shall pay the sum of $2,000 to the plaintiff on or before February 1, 1999.
9. The parties shall pay the liabilities as listed on their respective financial affidavits.
10. Each party shall retain ownership of the assets as each now possesses not subject to the foregoing orders.
11. No allowance to prosecute is ordered.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.